LIEN, County Treasurer, Respondent v. SIMONSON, Appellant.

(182 N. W. 630.)

(File No. 4835.   Opinion filed April 25, 1921.)

1.  Venue—Delinquent Personal Taxes, Treasurer's Suit For, Whether in Plaintiff's or Defendant's County—Action "To Enforce Collection" In Court "Of His County," Statute Construed.

Under Sec. 2327, Code 1919, providing that "in all other cases the action shall be tried in the county in which the defendant * * * shall reside," and Sec. 6822, providing that in case of unpaid personal taxes county treasurer is authorized "to enforce the collection thereof by civil action in the circuit court of his county, * * against such person for the recovery," etc., held, that the words "to enforce the collection" import not only the right of county treasurer to sue in his county, but also the right to there prosecute it to judgment and have execution issued from that court if necessary; the contention that said section should read the same as though it read "authorized to bring an action for the collection thereof in the circuit court of his county," not being tenable.

2.  Same—Treasurer's Suit As Exceptional Remedy, Exception To Statutory Rule.

Sec. 6822, Code 1919, being a statute relating to a specific subject and remedy, is an exception to the general rule announced in Sec. 2327 concerning venue for trial.

3.  Same—Trial In County Where Tax Levied, Reasons For Rule Stated Re Legislative Policy.

The reason for requirement (In Sec. 6822, Code 1919) that actions for collection of taxes should be tried in county of the levy, rests in general policy of legislation concerning taxation

9—Vol. 44, S. D.

and tax collection, it being general policy of law to facilitate rather than hamper tax collection; this also in view of Sec. 6822, providing that duplicate tax list shall be prima facie evidence of amount and validity of tax "appearing due and unpaid thereon;" and much confusion and inconvenience would result if such list were transmitted to several counties in which similar actions might be pending.

Appeal from Circuit Court, Roberts County. HON. FRANK ANDERSON, Judge.

Action by O. E. Lien, as County Treasurer of Roberts County, South Dakota, against S. J. Simonson, to enforce collection of delinquent personal taxes. From an order denying defendant's motion for change of venue to county of his residence, he appeals. Affirmed.

*McNulty & Campbell,* for Appellant.

*Turner & McKenna,* for Respondent.

(1) To point one of the opinion, appellant cited: Hockett v. Hockett, 34 S. D. 586, 149 N. W. 550; Secs. 2327, 2328, Code 1919.

Respondent cited: Sec. 6822, Code 1919, and submitted that it takes precedence over Secs. 2327-8.

GATES, J. Action was brought by the county treasurer of Roberts county in 1920 in the circuit court of said county against defendant for the collection of delinquent personal taxes levied in that county against defendant for the years 1905 and 1906. The defendant had been a resident of Dewey county for more than six years prior to the beginning of the action and was not served with process in Roberts county. Within the time prescribed by section 2328, Rev. Code 1919, he demanded a change of venue to Dewey county, and upon refusal he moved the court to order the change. From an order denying such relief defendant appeals.

It is the contention of appellant that the venue should have been changed because of the provision of section 2327, Rev. Code 1919, which says:

"In all other cases the action shall be tried in the county in which the defendant or defendants, or any of them, shall reside at the commencement of the action."

On the other hand, respondent justifies the order of the trial court under the following provisions of section 6822, Rev. Code, 1919:

"When any personal taxes heretofore or hereafter levied shall stand charged against any person, and the same shall not be paid within the time prescribed by law, the county treasurer whose duty it is to collect such taxes, in addition to any other remedy provided

[1] Appellant interprets the words, "is expressly authorized to enforce the collection thereof by a civil action in the circuit court of his county, in his name as such treasurer, against such person for the recovery of such unpaid taxes."

[1] Appellant interprets the words, "it is expressly authorized to enforce the collection thereof by a civil action in the circuit court of his county," as though they read, "is expressly authorized to bring an action for the collection thereof in the circuit court of his county." If such had been the wording of the section, a different question might have been presented · for our consideration; but the words "enforce the collection" do not import that meaning. They import, not only the right of the county treasurer to bring the action in his county, but also the right to there prosecute it to judgment and the right to have execution issued from that court if necessary.

[2] This is a statute relating to a specific subject and a specific remedy and must be held to be an exception to the general rule announced in said section 2327. Indeed, it should be construed the same as if it were another and additional subdivision of section 2325, Rev. Code 1919.

[3] The reason for the requirement that actions of this kind be ·tried in the county where the tax was levied is found in the general policy of legislation concerning taxation and the collection of taxes. The duty of paying taxes is a necessary adjunct to the ownership of property. It is the general policy of the law to facilitate rather than hamper the collection of taxes. By a later provision of said section 6822 it is provided:

"And the duplicate tax list or lists shall be prima facie evidence of the amount and validity of such taxes appearing due and unpaid thereon, and of the nonpayment of the same."

Much confusion and inconvenience to the treasurer's office would necessarily result if the duplicate tax list were to be transported to the several counties in which · actions might be pending against delinquent personal tax debtors under appellant's theory of the right of removal. Orderly procedure demands that the

action be tried in the county where the tax was levied. We are therefore satisfied that the Legislature acted advisedly when it said that the collection of such taxes should be "enforced" in the circuit court of the treasurer's county and that it intended thereby to deprive the tax debtor of the right to a change of venue.

The order appealed from is affirmed.